**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| FENG LIN, § | | |
| *Plaintiff* § | | |
| § | | |
| § | | |
| VS. § | | CIVIL ACTION NO. 5:19-cv-1053 |
| § | | |
| § | | JURY TRIAL REQUESTED |
| TOUCAN PRODUCTIONS, INC., and § | | |
| ROBERT ANTHONY LOFINK, § | | |
| *Defendants* § | | |
| § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Feng Lin, Plaintiff, by and through her attorneys, the Law Offices of Thomas J. Henry, PLLC, now comes before this Court and complains of Toucan Productions, Inc., and Robert Anthony Lofink as follows:

**I.   PARTIES**

1. Plaintiff Feng Lin is a citizen of Texas, residing in San Marcos, Texas.

2. Defendant Toucan Productions, Inc. is an Oklahoma Corporation with its principal place of business located at 141 NE 31st Street, Oklahoma City, Oklahoma 73105 and may be served with process by serving its registered agent, Robin S. Alvis at 1008 Jet Drive, Midwest City, Oklahoma 73110.

3. Defendant Robert Anthony Lofink is a citizen of Oklahoma residing at 11120 Stratford Drive, Apt. 115, Oklahoma City, Oklahoma 73120 and may be served with process at his place of residence or wherever he may be found.

**II.   STATEMENT OF JURISDICTION AND VENUE**

4. Plaintiff Feng Lin is a citizen of Texas. Defendant Toucan Productions, Inc. is an Oklahoma Corporation with its principal place of business located at 141 NE 31st Street, Oklahoma City, Oklahoma 73105. Defendant Robert Anthony Lofink is a citizen of Oklahoma. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

5. Venue is proper under 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Travis County, Texas, which is within the Western District of Texas.

6. Plaintiff requests a trial by jury.

### III.   SUMMARY

7. On or about January 7, 2019, Plaintiff Feng Lin was lawfully operating her vehicle southbound in the 2100 block of IH-35 North in Travis County, Texas, when Defendant Robert Anthony Lofink, who was acting in the course and scope of his employment with Toucan Productions, Inc., was traveling southbound on IH-35 behind Plaintiff. Plaintiff Feng Lin slowed and stopped for stopped traffic ahead. Defendant Robert Anthony Lofink failed to stop his commercial motor vehicle in time and collided with the rear of Plaintiff's vehicle. The force of the impact propelled Plaintiff's vehicle into the vehicle ahead. The collision resulted in significant injuries to Plaintiff, as more fully set forth below.

### IV.   COUNT I – NEGLIGENCE OF ROBERT ANTHONY LOFINK

9. Plaintiff incorporates by reference herein all allegations set forth above.

10. On January 7, 2019, Plaintiff Feng Lin operated her Nissan automobile in a lawful manner while traveling southbound on Interstate Highway 35 in Travis County, Texas.

11. Defendant Robert Anthony Lofink was traveling southbound on Interstate Highway 35, following the vehicle operated by Ms. Lin.

12. At all times relevant hereto, Defendant Robert Anthony Lofink was acting within the course and scope of his employment with Defendant Toucan Productions, Inc.

13. Defendant Robert Anthony Lofink operated the commercial motor vehicle in a negligent manner and violated the duty which he owed Plaintiff to exercise ordinary care in the operation of the company commercial motor vehicle in one or more of the following respects:

   a. in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

   b. in failing to control his speed;

   c. in failing to maintain an assured clear distance;

   d. in failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

   e. in failing to warn Plaintiff of the impending collision by using his horn or some other warning device;

   f. in failing to turn the vehicle in an effort to avoid the collision in question; and

   g. in failing to properly maintain the commercial vehicle so that it could safely operate on public roadways.

14. Each of these acts and/or omissions of Defendant Robert Anthony Lofink whether taken singularly or in any combination constitute negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff Feng Lin will continue to suffer in the future, if not for the remainder of her natural life.

### V.     COUNT II – GROSS NEGLIGENCE OF ROBERT ANTHONY LOFINK

15. Plaintiff incorporates by reference herein all allegations set forth above.

16. Defendant Robert Anthony Lofink's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant Robert Anthony Lofink's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant Robert Anthony Lofink had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, and welfare of Plaintiff and others similarly situated.

17. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff Feng Lin will continue to suffer in the future, if not for the remainder of her natural life.

### VI.     COUNT III – R ESPONDEAT SUPERIOR / NEGLIGENCE OF TOUCAN PRODUCTIONS, INC.

18. Plaintiff incorporates by reference herein all allegations set forth above.

19. Defendant Toucan Productions, Inc. is liable under the theory of *respondeat superior* in that Defendant Robert Anthony Lofink was acting within the course and scope of his employment with Defendant Toucan Productions, Inc. at the time the incident occurred.

### VII.     COUNT IV – NEGLIGENT HIRING / RETENTION / TRAINING / ENTRUSTMENT OF TOUCAN PRODUCTIONS, INC.

20. Plaintiff incorporates by reference herein all allegations set forth above.

21. Defendant Toucan Productions, Inc. was independently negligent in one or more of the following aspects:

      a. Negligent hiring;

      b. Negligent entrustment;

      c. Negligent driver qualification;

      d. Negligent training and supervision;

      e. Negligent retention;

      f. Negligent contracting; and

      g. Negligent maintenance.

22. Defendant Toucan Productions, Inc. is liable for the negligent entrustment of its commercial motor vehicle to Robert Anthony Lofink. Defendant Toucan Productions, Inc. was the owner of the vehicle driven by Robert Anthony Lofink at the time of the collision that makes the basis for Plaintiff's lawsuit. Defendant toucan Productions, Inc. negligently entrusted its vehicle to Robert Anthony Lofink, whom Defendant Toucan Productions, Inc. knew or should have known was an unlicensed, incompetent and/or reckless driver. Defendant Toucan Productions, Inc. violated its duty to exercise ordinary care in the entrustment and operation of its commercial motor vehicle. Defendant Toucan Productions, Inc. was negligent in the hiring, qualification, training, supervision and/or retention of Defendant Robert Anthony Lofink. Defendants, and each of them, were negligent in the maintenance of the commercial motor vehicle.

23. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff Feng Lin suffered and which she will continue to suffer in the future, if not for the remainder of her natural life.

### VIII.   COUNT V – GROSS NEGLIGENCE OF TOUCAN PRODUCTIONS, INC.

24. Plaintiff incorporates by reference herein all allegations set forth above.

25. Defendant Toucan Productions, Inc.'s conduct was more than momentary thoughtlessness or inadvertence.  Rather, Defendant Toucan Productions, Inc.'s conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff.  Defendant Toucan Productions, Inc. had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, and welfare of Plaintiff Feng Lin and others similarly situated.

26. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff Feng Lin suffered and which she will continue to suffer in the future, if not for the remainder of her natural life.

### IX.   DAMAGES

27. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff Feng Lin suffered severe bodily injuries to her head, neck, back, and other parts of her body generally.  The injuries are permanent in nature and have had a serious effect on Plaintiff's health and well-being.  These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental conditions to deteriorate generally, and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause Plaintiff to suffer consequences and ill effects of this deterioration throughout her body for a long time in the future, if not for the balance of her natural life.  As a further result of the nature and consequences of their injuries, Plaintiff

suffered great physical and mental pain, suffering, and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

28. As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred.

29. As a further result of the injuries sustained by Plaintiff, there is a reasonable probability that she will require further medical care and attention and will incur future reasonable and necessary expenses for medical care and attention.

## X.     PRAYER FOR RELIEF

30. WHEREFORE, Plaintiff is entitled to damages from the Defendants, and does hereby pray that judgment be entered in her favor and against the Defendants as follows:

   a. Pain and suffering in the past;

   b. Pain and suffering in the future;

   c. Mental anguish in the past;

   d. Mental anguish in the future;

   e. Past medical expenses;

   f. Future medical expenses;

   g. Physical impairment in the past;

   h. Physical impairment in the future;

   i. Physical disfigurement in the past;

   j. Physical disfigurement in the future;

      k.       Loss of earnings;

      l.       Loss of earning capacity; and

      m.      Exemplary and punitive damages.

31. Plaintiff further seeks any further and additional relief at law or in equity that this Court may deem appropriate or proper.

> Respectfully submitted,
> **THOMAS J. HENRY LAW, PLLC**
>
> By:    /s/ *Russell W. Endsley*
> Russell W. Endsley
> State Bar No.: 24026824
> Federal Bar No.: 28492
> *Attorney In Charge*
>
> 521 Starr Street
> Corpus Christi, Texas 78401
> Telephone: 361-985-0600
> Facsimile: 361-985-0601
> *e-mail: rendsley-svc@tjhlaw.com
> *service by e-mail to this address only
> *Attorneys for Plaintiff*